THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY CRAEMER, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, November 10, 1931.

*Leo Healy*, for the appellant.

*William F. X. Geoghan, District Attorney* [*Thomas J. Sefton* of counsel], for the respondent.

PER CURIAM. The appellant appeals from a judgment convicting him of violating subdivision 6 of section 722 of the Penal Law and sentencing him to the workhouse for the period of five months and twenty-nine days. Subdivision 6 of section 722 states that one is guilty of disorderly conduct who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, interferes with any person in any place by jostling against such person or unnecessarily crowding him or by placing a hand in the proximity of such person's pocket, pocketbook or handbag.

A careful reading of the minutes fails to reveal any errors committed by the magistrate in the conduct of the case and the con-

viction is justified by the evidence. This is not seriously questioned by the appellant. He appeals, however, on the ground that before rendering the verdict of guilty the magistrate consulted a record of previous arrests and convictions of the appellant. To show how groundless this point is it is necessary to state just what occurred at the trial as revealed by the return of the magistrate.

That the appellant had a criminal record was first brought to the attention of the magistrate by the appellant's lawyer. Before the taking of any testimony the attorney for the appellant said on page 3 of the minutes taken on May twenty-sixth: " Judge Healy: If your Honor please, for the purpose of this record, before any testimony is taken, the defendant respectfully objects to any record of the police department, any authorized record of the police department attached to these papers, held by the District Attorney, as the complaint in this case, on the ground that your Honor is a committing magistrate and might be prejudiced thereby, by having any record of this defendant before your Honor, before the defendant has been tried. The Court: May I ask whether the record referred to is in the complaint. Judge Healy: It is not. The Court: Then the court will rule that so far as the case is concerned at this time, that the court will pay no attention to the record set forth by the People, unless it is brought out on cross examination, but so far as the record now stands, it is not part of the case."

After hearing all of the testimony the magistrate said: " I am afraid in this case I am forced to find the defendant guilty." (Minutes taken on June 17, 1931, p. 11.) Up to this time there is no intimation that the magistrate had any knowledge concerning the previous criminal record of the appellant except for the statement of appellant's attorney quoted above.

Later, and after having examined the record of the appellant, the magistrate withdrew his finding and the minutes show that the reason for this was that he felt that having convicted the appellant he could not continue the appellant on bail. The continuance was given to allow the appellant to traverse the criminal record submitted in order that he might if possible escape an indeterminate sentence as prescribed by the Parole Commission Law for first class cities. (Laws of 1915, chap. 579, as amd.)

We hold that the magistrate did not have the power to withdraw his finding of guilty for the purpose of continuing the defendant on bail. What he may have done after his attempted withdrawal of the finding of guilty we do not consider material.

Judgment affirmed.

All concur; present, KERNOCHAN, P. J., McINERNEY and HERBERT, JJ.